UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| PATRICIA A. PHILLIPS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:18-cv-01312-JES-JEH |
| | ) |
| TRUEACCORD CORP. and | ) |
| LVNV FUNDING, LLC, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT'S ANSWER & AFFIRMATIVE DEFENSES**

Defendant LVNV Funding, LLC ("Defendant"), by and through its undersigned counsel, hereby states its answer and affirmative defenses to the Complaint of Plaintiff, Patricia A. Phillips, as follows:

**Nature of the Action**

1.  Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendants' unlawful conduct.

**ANSWER:**  Defendant DENIES the allegations in Paragraph 1.

**Jurisdiction and Venue**

2.  This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

**ANSWER:**  Defendant ADMITS that Plaintiff purports to bring this action under the FDCPA and that this Court could therefore have jurisdiction under 28 U.S.C. § 1331.  However, Defendant denies that Plaintiff has suffered a particularized, concrete injury that is sufficient to confer upon

1

her standing to sue; therefore, it DENIES that the Court has subject matter jurisdiction under Article III of the Constitution of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Central District of Illinois, Defendants conduct business in the Central District of Illinois and a substantial portion of the events or omissions giving rise to the claims occurred within the Central District of Illinois.

**ANSWER:** Defendant ADMITS that venue is proper but DENIES that it conducts business in the Central District of Illinois and that the acts and transactions occurred as alleged by Plaintiff. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 3.

### Parties

4. Plaintiff is a consumer residing in Washington, Illinois, which is located within the Central District of Illinois.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 4.

5. TrueAccord is an online debt collector that utilizes "a data driven debt collection platform powered by machine learning, digital first communications, and delivering great user experiences." TrueAccord is a corporation organized under the laws of the state of Delaware with its principal place of business located at 303 Second Street, Suite 750 South, San Francisco, California. TrueAccord utilizes e-mail and other electronic media to collect upon debts owed by consumers throughout the country, including in Illinois.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 5.

6. LVNV is a company that "purchases portfolios of . . . consumer debt owned by credit grantors including banks and finance companies, and by other debt buyers." LVNV is a limited liability company organized under the laws of the state of Delaware with its principal place of business located at 6801 South Cimarron Road, Suite 424-J, Las Vegas, Nevada.

**ANSWER:** Defendant ADMITS that it acquired Plaintiff's debt and that it is a Delaware limited liability company that does business at the address alleged. The remainder of the allegations in Paragraph 6 are DENIED.

7. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 7.

### Facts Supporting Cause of Action

8. The instant action arises out of Defendants' attempts to collect upon outstanding credit card debt in the amount of $730.97 ("subject consumer debt") said to be owed by Plaintiff.

**ANSWER:** Defendant ADMITS that Plaintiff owes a debt in the amount of $730.97 stemming from a credit card. Defendant DENIES the remaining allegations in Paragraph 8.

9. The subject consumer debt was originally owed to Credit One Bank, N.A. ("Credit One") by Plaintiff before economic hardship caused her to default on payments to Credit One.

**ANSWER:** Defendant ADMITS that the subject debt in the amount of $730.97 was originally owed to Credit One Bank, N.A. ("Credit One"), and that Plaintiff defaulted on her obligation. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 9.

10. Credit One charged-off the subject consumer debt and sold it to LVNV after Plaintiff's default.

**ANSWER:** Defendant ADMITS the allegations in Paragraph 10.

11. LVNV engaged the services of TrueAccord to act on its behalf in seeking payment on the subject consumer debt.

**ANSWER:** Defendant ADMITS that it engaged the services of TrueAccord as an independent contractor to collect the subject debt. Defendant DENIES the remaining allegations in Paragraph 11.

12. On or about August 23, 2018 and August 26, 2018, Plaintiff received e-mails from TrueAccord attempting to collect payment for the subject debt. TrueAccord sent this email at the direction and benefit of LVNV.

**ANSWER:** Defendant LVNV lacks knowledge or information sufficient to form a belief as to whether Plaintiff received emails from TrueAccord on or about August 23, 2018 and August 26, 2018 attempting to collect payment on the subject debt. Defendant DENIES the remaining allegations contained in Paragraph 12 and states that TrueAccord was acting at all times as an independent contractor.

13. Defendants' e-mail contained a portion which states:

> The remaining balance owed to LVNV Funding LLC is $730.97.
> The balance breakdown is as follows: $730.97 in principal (which may include interest and fees accrued prior to purchase), $0.00 in fees since purchase, $0.00 in interest since purchase, and $0.00 in administrative costs since purchase.
> TrueAccord does not charge fees or interest to the consumer related to our collection efforts.

**ANSWER:** Defendant LVNV ADMITS that TrueAccord sent to Plaintiff an e-mail which contained the quoted language. Defendant DENIES the remaining allegations contained in Paragraph 13.

14. Plaintiff has received numerous emails from Defendants, each containing the above quoted language regarding fees, interest, and costs.

**ANSWER:** Defendant DENIES that it sent any e-mails to Plaintiff. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 14.

15. Confused and misled by the nature of the Defendants' emails, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

**ANSWER:** Defendant DENIES the allegations in Paragraph 15.

### Count I-Violation of the Fair Debt Collection Practices Act

(Plaintiff Against Defendants)

16. Plaintiff repeats and realleges paragraphs 1 through 15 as though fully set forth herein.

**ANSWER:** Defendant repeats, realleges, and incorporates by reference its answers to Paragraphs 1 through 15 as if fully stated herein.

17. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 17.

18. TrueAccord is a debt collector, as defined by 15 U.S.C. § 1692a(6), as it is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. TrueAccord identifies itself as a debt collector and has been a member of the Association of Credit and Collection Professionals ("ACA") since 2014.

**ANSWER:** Defendant ADMITS that TrueAccord is in the business of collecting or attempting to collect defaulted debts owed or due or asserted to be owed or due to others, and that it identifies itself as a debt collector and as a member of the ACA. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 18.

19. LVNV is a debt collector, as defined by 15 U.S.C. § 1692a(6), because it uses any instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, and because it regularly use the mails and/or telephones to collect, or attempt to collect, directly or indirectly, consumer delinquent debts owed or due or asserted to be owed or due another.

**ANSWER:** Defendant DENIES the allegations in Paragraph 19.

20. The subject consumer debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 20.

      a. **Violations of FDCPA § 1692e**

21. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

**ANSWER:** Defendant ADMITS only the strict language of § 1692e and DENIES any remaining allegations in Paragraph 21.

22. In addition, this section enumerates specific violations, such as:

"The false representation of – the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2).

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10)

**ANSWER:** Defendant ADMITS only the strict language of § 1692e and DENIES any remaining allegations in Paragraph 22.

23. Defendants violated 15 U.S.C. §§ 1692e, e(2), and e(10) through the inclusion of the portion of its e-mails which provided that the interests, fees, and other costs associated with the subject debt totaled $0.00, coupled with the language "TrueAccord does not charge fees or interest to the consumer related to our collection efforts." Defendants' representation that is [sic] "does not" charge fees or interests to the consumer falsely represents its ability to do so in the first place. Since the subject consumer debt was charged off, Defendants were precluded from adding these additional fees. By using the phrase "does not" rather than "cannot", Defendants sought to represent to Plaintiff that they had the lawful ability to add these charges, but that it was making some sort of magnanimous decision not to. In reality, these charges could not be legally added. Defendants engage in this misleading conduct in an attempt to garner favor with Plaintiff and to further suggest that, in the event resolution with Defendants was not possible, Plaintiff may be subjected to these additional fees, costs, and interest. Defendants' conduct was designed to create an artificial sense of urgency in Plaintiff's mind so she would be compelled to make prompt payment.

**ANSWER:** Defendant DENIES the allegations in Paragraph 23. Responding further, Defendant states that Plaintiff's claim is based upon the false premise that Defendants cannot charge interest, costs, or fees. The terms of the agreement between Credit One and Plaintiff provided: "If we waive any of our rights under this Agreement, we will not be obligated to do so again" and: "You promise to pay any collection costs and attorneys' fees, including our in-house attorneys' costs, that Credit

7

One Bank incurs as a result of your default." Defendant LVNV is the assignee of Plaintiff's Credit One account. The Seventh Circuit has recognized that "once assignors were authorized to charge interest, the common law kicked in and gave the assignees the same right, because the common law puts the assignee in the assignor's shoes, whatever the shoe size." *Olvera v. Blitt & Gaines, P.C.*, 431 F.3d 285, 289 (7th Cir. 2005).

        **b.**        **Violations of FDCPA § 1692f**

24. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

**ANSWER:** Defendant ADMITS only the strict language of § 1692f and DENIES any remaining allegations in Paragraph 24.

25. Defendants violated 15 U.S.C. §1692f through the emails because they unfairly implied that LVNV had the ability to add interest, fees, and other costs. In reality, LVNV did not have the lawful ability to do so as Plaintiff's account was charged of by Credit One.

**ANSWER:** Defendant DENIES the allegations in Paragraph 25.

26. The carefully crafted language is the sort of misleading tactic the FDCPA prohibits. The only reason to use such carefully ambiguous language is the expectation that at least some unsophisticated debtors will misunderstand and will choose to pay because they fear the consequences of not doing so.

**ANSWER:** Defendant DENIES the allegations in Paragraph 26.

27. As pled herein, Plaintiff has been harmed and suffered damages as a result of Defendants' illegal actions.

**ANSWER:** Defendant DENIES the allegations in Paragraph 27.

WHEREFORE, Plaintiff, PATRICIA A. PHILLIPS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. A warding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(l);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

**ANSWER:** Defendant DENIES that Plaintiff is entitled to any of the relief requested in the prayer to the Complaint. Responding further, Defendant states that an award of statutory damages in the absence of actual damages would exceed the limits of Constitutional due process. *See, e.g., State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 123 S. Ct. 1513, 155 L. Ed. 2d 585 (2003) and *BMW of N. Am. v. Gore*, 517 U.S. 559, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (1996).

## **AFFIRMATIVE DEFENSES**

1. This dispute is subject to binding arbitration per the terms of the agreement between Plaintiff and the original creditor – Credit One Bank, N.A.

2. Plaintiff's claims are barred because she lacks Article III standing, as she has not suffered an actual, particularized, concrete injury. As a result of Plaintiff's lack of standing the Court lacks Article III jurisdiction.

3.	If Plaintiff did suffer any alleged actual damages then her damages are subject to the defense of failure to mitigate.

4.	Defendant asserts the defense of setoff. Plaintiff is indebted to LVNV on the Credit One account referenced in her complaint. That account balance should be set off against any recovery that Plaintiff might obtain in this action. Where two opposing claims arise out of separate transactions between the same parties, "setoff" is the equitable right of one party to offset her debt by the amount of its claim against the other party. "The right of setoff (also called offset) allows entities that owe each other money to apply their mutual debts against each other, thereby avoiding 'the absurdity of making A pay B when B owes A.'" *Citizens Bank of Maryland v. Strumpf*, 516 U.S. 16, 18, 116 S.Ct. 286, 289 (1995), *quoting Studley v. Boylston Nat'l Bank*, 229 U.S. 523, 528 (1913).

|  |  |
|---|---|
| **November 13, 2018** | Respectfully submitted,<br><br>LVNV FUNDING, LLC<br><br>*/s/ Katherine M. Saldanha Olson*<br>Katherine M. Saldanha Olson<br>Nicole M. Strickler<br>Messer Strickler, Ltd.<br>225 W. Washington St., Ste. 575<br>Chicago, IL 60606<br>Phone: 312-334-3469<br>Fax: 312-334-3473<br>kolson@messerstrickler.com<br>nstrickler@messerstrickler.com<br><br>*/s/ Manuel H. Newburger*<br>Manuel H. Newburger<br>Barron & Newburger, P.C.<br>7320 N. MoPac Expy, Ste. 400<br>Austin, TX 78731<br>512-649-4022<br>Fax: 512-279-0310<br>mnewburger@bn-lawyers.com<br><br>***ATTORNEYS FOR DEFENDANTS*** |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of November 2018, a true and accurate copy of the foregoing was filed with the Clerk of Court using the ECF system which will send notification of such filing to the attorneys of record.

    */s/ Katherine M. Saldanha Olson*
    Katherine M. Saldanha Olson
    Messer Strickler, Ltd.
    225 W. Washington St., Ste. 575
    Chicago, IL 60606
    Phone: 312-334-3444
    Fax: 312-334-3473
    kolson@messerstrickler.com
    ***Attorney for Defendant***